1  LUCAS VALLEY LAW
   MARK K. de LANGIS (SBN 190083)
2  2110 Elderberry Lane
   San Rafael, California 94903
3  Telephone: (415) 472-3892
   Facsimile: (415) 472-3977
4  mdelangis@lucasvalleylaw.com

5  Attorneys for Petitioners
   AMERICAN PRESIDENT LINES, LTD. and
6  APL CO. Pte., LTD.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

| In the Matter of the Arbitration between | No. C 07-3220 JL |
|---|---|
| AMERICAN PRESIDENT LINES, LTD., a corporation, and APL CO. Pte., LTD., a corporation, | PETITION FOR ORDER CONFIRMING AWARD OF ARBITRATOR |
| Petitioners, | [9 U.S.C. section 9] |
| v. | |
| D.S.R. SHIPPING CO., INC., a corporation, | |
| Respondent. | |

/ / /

1  Petitioners AMERICAN PRESIDENT LINES, LTD. and APL CO. Pte., LTD.
2  (collectively "APL") respectfully allege:
3      1.  Petitioner American President Lines, Ltd. now is, and at all times herein
4  mentioned was, a corporation duly organized and existing under the laws of the State of
5  Delaware, with its principal place of business in the City of Oakland, California.
6      2.  Petitioner APL Co. Pte., Ltd. now is, and at all times herein mentioned was, a
7  corporation duly organized and existing under the laws of Singapore, registered to do business in
8  the State of California.
9      3.  On information and belief, respondent D.S.R. Shipping Co., Inc. ("D.S.R."), was
10 at all material times mentioned herein, a corporation duly organized and existing under the laws
11 of the State of New Jersey.
12
13                                **JURISDICTION**
14      4.  The jurisdiction of this Court is invoked under Title 9, United States Code, and
15 particularly Section 9 thereof, and under Title 28, United States Code, section 1333, as a case
16 within the admiralty and maritime jurisdiction of this Court.
17
18                                **BACKGROUND**
19      5.  On or about June 18, 2002, petitioners and respondent entered into a written
20 maritime contract for the shipment of respondent's cargo by sea from the United States to El
21 Salvador, Guatemala, and Honduras. (A true and correct copy of the applicable Service Contract
22 No. LA02/0103 is attached hereto, marked Exhibit "A," and is made a part hereof.)
23      6.  This contract evidences a series of transactions involving international maritime
24 commerce, as is shown by its express terms.
25 / / /
26 / / /

1   7.   APL on the one hand, and D.S.R. on the other, agreed in the contract, at section 4, to resolve any dispute arising under the contract by submitting the dispute to arbitration in San Francisco, California, before an arbitrator of the American Arbitration Association. In addition, APL and D.S.R. agreed that the decision of the arbitrator "shall be final, binding and not subject to further review." (Service Contract, at Ex. A, § 4(a), attached hereto.)

8.   The contract, at Section 4, further provides that the decision of the arbitrator may be enforced by any court, tribunal, or other forum as may properly assert jurisdiction, and that the parties expressly consent and agree that the United States District Court for the Northern District of California shall have personal jurisdiction over the parties to the contract. (Service Contract, at Ex. A, § 4(b), attached hereto.)

9.   On January 19, 2004, APL invoiced D.S.R. the sum of $14,700, which was then, and still is, due pursuant to the terms of Service Contract Number LA02/0103. (A true and correct copy of the January 19, 2004 invoice is attached hereto as Exhibit "B," and made a part hereof.)

## THE ARBITRATION

10.   Pursuant to the arbitration agreement, as detailed in section 4 of the above-described contract, APL initiated arbitration proceedings with the American Arbitration Association ("AAA") on December 26, 2006.

11.   Following due notice to both APL and D.S.R., including preliminary hearings by telephone, an arbitration (via documents per the AAA rules and by order of the arbitrator) was duly conducted in April 2007, before the AAA appointed arbitrator, Richard J. Collier, Esq.

12.   On April 18, 2007, the arbitrator awarded petitioners American President Lines, Ltd. and APL Co. Pte., Ltd. the principal amount of $14,700, attorneys' fees of $2,340 and costs of $1,900, for a total award of $18,940. (A true and correct copy of the "AWARD OF ARBITRATOR," dated April 18, 2007, is attached hereto as Exhibit "C," and made a part

1  hereof.)

2  13. D.S.R. has failed to satisfy the arbitration award in the time since it was made.
3  Therefore, a judgment on the arbitration award is needed to permit APL to enforce it.

4  14. This petition is authorized by the terms of the arbitration clause within the
5  maritime contract, Section 9 of the Federal Arbitration Act, and the award itself.

6

7  WHEREFORE petitioners AMERICAN PRESIDENT LINES, LTD. and APL CO. Pte.,
8  LTD. pray as follows:

9  1. That an order of this Court be made confirming the Award of Arbitrator;
10 2. That judgment be entered in conformity therewith, for the amount owing
11     pursuant to the Award of Arbitrator;
12 3. That APL be allowed costs incurred herein;
13 4. The Court award APL prejudgment and post-judgment interest on all sums as
14     provided by law; and
15 5. That APL be awarded such other and further relief as may be proper.

16

17
DATED: June 19, 2007
18

19

20                                 By: /s/
                                   Mark K. de Langis
21                                 Attorney for Petitioner
                                   AMERICAN PRESIDENT LINES, LTD and
22                                 APL CO. Pte., LTD.

23

24

25

26