1  LUCAS VALLEY LAW
   MARK  K. de LANGIS (SBN 190083)
2  2110 Elderberry Lane
   San Rafael, California  94903
3  Telephone:  (415) 472-3892
   Facsimile:  (415) 472-3977
4  mdelangis@lucasvalleylaw.com

5  Attorneys for Petitioners
   AMERICAN PRESIDENT LINES, LTD. and
6  APL CO. Pte., LTD.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13
   In the Matter of the Arbitration between          No.  C 07-03220 SC
14
   AMERICAN PRESIDENT LINES, LTD., and
15 APL CO. Pte., LTD.                                 NOTICE OF MOTION AND MOTION
                                                      TO CONFIRM ARBITRATION
16            Petitioners,                            AWARD; MEMORANDUM OF POINTS
                                                      AND AUTHORITIES
17       v.
                                                      [9 U.S.C. section 9]
18
   D.S.R. SHIPPING CO., INC., a corporation,          Hearing Date:  November 16, 2007
19                                                    Hearing Time:  10:00
              Respondent.                             Courtroom:     1, 17th Floor
20

21

22                                                    The Honorable Samuel Conti

23

24

25

26

**I.    NOTICE OF MOTION**

**TO EACH PARTY AND ITS ATTORNEY OF RECORD:**

**YOUR ARE HEREBY NOTIFIED THAT** on November 16, 2007, at 10:00

a.m., or as soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor of this Court,

located at 450 Golden Gate Avenue, San Francisco, California, Petitioners American President

Lines, Ltd. and APL Co. Pte., Ltd. (collectively "APL") will and hereby do move this Court

pursuant to 9 United States Code section 9, for an order confirming the arbitration award in favor

of APL and against Respondent D.S.R. Shipping Co., Inc. ("D.S.R."). This motion is based on

this Notice; the following Memorandum of Points and Authorities; the accompanying

Declaration of Mark K. de Langis; the previously filed Petition for Order Confirming Award of

Arbitrator and exhibits thereto; and all argument, oral testimony, and other information

introduced at the hearing on this motion.

**II.    RELIEF SOUGHT**

By this motion, APL requests that the Court enter an order confirming the Award of

Arbitrator, in the arbitration between APL and D.S.R. (A true and correct copy the Award of

Arbitrator, is attached to APL's Petition for Order Confirming Award of Arbitrator as Exhibit C;

filed with the Court on June 19, 2007.) After proper submittal of proof, the arbitration award

was executed and served on all parties by the duly appointed arbitrator, Richard J. Collier, Esq.,

on April 18, 2007. D.S.R. has yet to pay any portion of the award. Accordingly, APL seeks an

order confirming the arbitration award and also requests that a judgment be entered in

conformity with the terms of the arbitration award.

/ / /

/ / /

1  **III.    POINTS AND AUTHORITIES**

2      **A.    Background**

3          In June of 2003, a service contract[1] was entered into between APL and D.S.R.  (*See*

4  Service Contract Number LA02/0103 ("Service Contract"), attached as Exhibit A to APL's

5  Petition for Order Confirming Award of Arbitrator ("Petition"), filed on June 19, 2007.)  D.S.R.

6  desired to ship cargo in international commerce from the United States to Latin America.  (*See*

7  Service Contract, Appendix F, ¶¶ 1-3, attached as Ex. A to Petition.)  As might be expected,

8  D.S.R. bargained for favorable ocean freight rates for its shipments.

9          In return for providing favorable ocean freight rates on D.S.R.'s shipments, APL

10  demanded a "Minimum Volume Commitment" from D.S.R., so that APL could make up in

11  volume what it gave away in rates on any particular shipment.  To this end, D.S.R. agreed to ship

12  a minimum volume of 50 FEUs over the life of the contract, from June 18, 2002 through June

13  29, 2003.  (*See* Service Contract, App. F, ¶¶ 4 and 8, attached as Ex. A to Petition.)

14          As is common practice in the industry, and in particular, as is common practice by APL,

15  a liquidated damages clause (dead freight) was included in the Service Contract to provide APL

16  with protection, in the event that D.S.R. failed to ship the required number of FEUs.  (*See*

17  Service Contract, p. 3 of 8, § 3(b), attached as Ex. A to Petition.)  In the Service Contract, D.S.R.

18  agreed to pay $350 for each FEU "by which the Minimum Volume Commitment exceeds the

19  volume actually tendered." (Service Contract, p. 3 of 8, § 3(b).)

20          Over the course of the contract's term, D.S.R. shipped 8 FEUS, not the 50 FEUs as

21

22  [1] "'[S]ervice contract' means a written contract, other than a bill of lading or a receipt, between one or
more shippers and an individual ocean common carrier or an agreement between or among ocean

23  common carriers in which the shipper or shippers makes a commitment to provide a certain volume or
portion of cargo over a fixed time period, and the ocean common carrier or the agreement commits to a

24  certain rate or rate schedule and a defined service level, such as assured space, transit time, port rotation,
or similar service features.  The contract may also specify provisions in the event of nonperformance on

25  the part of any party."  46 U.S.C. app. 1702(19).

26

1   required under the Service Contract.  (*See* Invoice Number COGMD3K441, dated January 19,

2   2004, attached as Ex. B to Petition.)  Accordingly, D.S.R. became obligated to pay dead freight

3   charges on 42 FEUs ($14,700), as per the Service Contract.  (*See id.*)  D.S.R. has paid nothing

4   towards the dead freight owed.

5

6   **B.     THE ARBITRATION**

7        APL and D.S.R. agreed in the Service Contract, at section 4, to resolve any dispute

8   arising under the contract by submitting the dispute to arbitration in San Francisco, California,

9   before an arbitrator of the American Arbitration Association.  In addition, APL and D.S.R.

10  agreed that the decision of the arbitrator "shall be final, binding and not subject to further

11  review."  (*See* Service Contract, at p. 4 of 8, § 4(a), attached as Ex. A to Petition.)

12       Pursuant to the arbitration agreement, as detailed in section 4 of the above-described

13  Service Contract, APL initiated arbitration proceedings with the American Arbitration

14  Association ("AAA").  Following due notice to APL and D.S.R., including preliminary hearings

15  by telephone, an arbitration was duly conducted by the AAA appointed arbitrator, Richard J.

16  Collier, Esq., on or about April 4, 2007.  On April 18, 2007, the arbitrator, Richard J. Collier,

17  Esq., awarded APL the principal amount of $14,700, attorneys' fees of $2,340, and costs of

18  $1,900, for a total award of **$18,940.**  (*See* Award of Arbitrator, dated April 18, 2007, attached as

19  Ex. C to Petition.)

20       Section 4 of the above-described contract further provides that the decision of the

21  arbitrator may be enforced by any court, tribunal, or other forum as may properly assert

22  jurisdiction, and that the parties expressly consent and agree that the United States District Court

23  for the Northern District of California shall have personal jurisdiction over the parties to the

24  contract.  (*See* Service Contract, at p. 4 of 8, § 4(b), attached as Ex. A to Petition.)

25       D.S.R. has failed to voluntarily satisfy the arbitration award in the time since it was

26  made.  A judgment on the arbitration award is needed to permit APL to enforce it.  A

4

NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD

1    confirmation order and a conforming judgment are, therefore, authorized by the terms of the

2    arbitration agreement, section 9 of the Federal Arbitration Act, and the award itself.

3

4    **IV.    CONCLUSION**

5    D.S.R. received what it bargained for – favorable ocean freight rates for its shipments

6    aboard APL vessels.  D.S.R. did not, however, live up to its promises.  D.S.R. failed to ship the

7    required number of FEUs under the Service Contract, even though it had over one year to do so.

8    The matter was submitted to arbitration as per the contract between the principals and the

9    arbitrator decided the matter in APL's favor.

10    D.S.R. owes APL the dead freight charges accrued as per the Service Contract between

11    the parties.  Furthermore, D.S.R. forced APL to incur the expense of arbitration, including

12    attorneys' fees, to enforce the dead freight clause.  The arbitrator awarded APL the dead freight

13    charges, attorneys' fees, and the costs of conducting the arbitration.

14    Accordingly, APL respectfully requests that the Court confirm the arbitrator's Award and

15    enter judgment in APL's favor for $18,940.

16

17    DATED:  September 25, 2007

18

19    By:_____

20    Mark K. de Langis
Attorney for Petitioner

21    AMERICAN PRESIDENT LINES, LTD and
APL CO. Pte., LTD.

22

23

24

25

26

NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD

1          PROOF OF SERVICE

2          I am over 18 years of age, not a party to this action and employed in San Rafael,

3  California at 2110 Elderberry Lane, San Rafael, California  94903.  I am readily familiar with the

4  practice of this office for collection and processing of correspondence for mailing with the

5  United States Postal Service and correspondence is deposited with the United States Postal

6  Service that same day in the ordinary course of business.

7          Today I served the attached:

8          **NOTICE OF MOTION AND MOTION TO CONFIRM
            ARBITRATION AWARD; MEMORANDUM OF POINTS**
9          **AND AUTHORITIES**

10         **DECLARATION OF MARK K.  de LANGIS IN SUPPORT
            OF MOTION TO CONFIRM ARBITRATION AWARD**
11

12         **[PROPOSED] ORDER CONFIRMING AWARD OF
            ARBITRATOR**

13         **[PROPOSED] JUDGMENT**

14
    by causing true and correct copies of the above to be placed in the United States Mail at San
15
    Rafael, California in a sealed envelope(s) with postage prepaid, addressed as follows:
16

17         Gregory Centner
           Vice-President, D.S.R. Shipping Co., Inc.
18         19 Roosevelt Street
           Freehold, NJ  007728
19

20         I declare under penalty of perjury under the laws of the United States of America

21  that the foregoing is true and correct and that this declaration was executed on September 25,

22  2007.

23

24         _____

25                    Mark K. de Langis

26

NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD