| | |
|---|---|
| 1 | LUCAS VALLEY LAW |
|   | MARK K. de LANGIS (SBN 190083) |
| 2 | 2110 Elderberry Lane |
|   | San Rafael, California  94903 |
| 3 | Telephone:  (415) 472-3892 |
|   | Facsimile:    (415) 472-3977 |
| 4 | mdelangis@lucasvalleylaw.com |
| 5 | Attorneys for Petitioners |
|   | AMERICAN PRESIDENT LINES, LTD. and |
| 6 | APL CO. Pte., LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Arbitration between | No.   C 07-03220 SC |
| AMERICAN PRESIDENT LINES, LTD. and APL CO. Pte., LTD. | [PROPOSED] ORDER CONFIRMING AWARD OF ARBITRATOR |
| Petitioners, | [9 U.S.C. section 9] |
| v. | |
| D.S.R. SHIPPING CO., INC., a corporation, | |
| Respondent. | |

1
2
3
4
5
6
7
8
9       UNITED STATES DISTRICT COURT
10      NORTHERN DISTRICT OF CALIFORNIA
11
12
13

| 14 | In the Matter of the Arbitration between | No.   C 07-03220 SC |
| 15 | AMERICAN PRESIDENT LINES, LTD. and APL CO. Pte., LTD. | ORDER CONFIRMING AWARD OF ARBITRATOR |
| 16 | | |
| 17 | Petitioners, | [9 U.S.C. section 9] |
| 18 | v. | |
| 19 | | |
| 20 | D.S.R. SHIPPING CO., INC., a corporation, | |
| 21 | Respondent. | |
| 22 | | |

23
24
25
26

1    Petitioners AMERICAN PRESIDENT LINES, LTD. and APL CO. Pte., LTD. bring this
2    action and the present motion to confirm an arbitration award in their favor against respondent
3    D.S.R. Shipping Co., Inc. ("D.S.R."). Respondent has not made a formal appearance in this
4    action and has not filed an opposition to the motion to confirm currently before the Court. The
5    Court conducted a hearing on Petitioners' motion to confirm the award on November 16, 2007;
6    again Respondent did not make an appearance. After careful consideration of the papers filed by
7    the Petitioners and the relevant legal authority, and good cause appearing, the Court hereby
8    GRANTS Petitioners' motion to confirm the arbitration award.

9                                **BACKGROUND**

10    On or about June 18, 2002, APL Co. Pte., Ltd., in its individual capacity and as an agent
11    for American President Lines, Ltd., entered into a written maritime contract with D.S.R. The
12    contract provided for Petitioners to ship Respondent's cargo by sea from the United States to El
13    Salvador, Guatemala, and Honduras. The contract further memorialized the parties' agreement
14    that any "dispute arising out of or in connection with this Contract" shall be submitted to
15    arbitration in San Francisco, California, before an arbitrator of the American Arbitration
16    Association ("AAA"). (Petition to Confirm, Exh. A at Section 4.) The arbitration provision
17    stated that the decision of the arbitrator "shall be final, binding and not subject to further
18    review." (*Id.*) Finally, the provision provided for enforcement of any arbitration decision "by
19    any court, tribunal, or other forum as may properly assert jurisdiction" and the parties expressly
20    agreed "that the United States District Court for the Northern District of California has personal
21    jurisdiction." (*Id.*)
22    On January 19, 2004, APL invoiced D.S.R. the sum of $14,700, which was then and still
23    is due under the terms of the June 2002 contract. APL initiated arbitration proceedings to collect
24    the outstanding monies owed, and on April 4, 2007, the matter was submitted to AAA panelist
25    Richard J. Collier, Esq. D.S.R. did not submit any documents for the arbitrator's consideration.
26    On April 18, 2007, Mr. Collier awarded APL the principal amount due of $14,700, attorneys'

1  fees of $2,340 and costs of $1,900, for a total award of $18,940 (the "Award").  (Petition to
2  Confirm, Exh. C.)
3        Petitioners now move to confirm the Award under the Federal Arbitration Act ("FAA"),
4  9 U.S.C. section 9.

5  **DISCUSSION**

6        As a preliminary matter, the existence of this Court's jurisdiction is not in dispute.  The
7  United States Supreme Court has held that the FAA does not provide a separate basis for federal
8  subject matter jurisdiction.  Rather, there must exist other independent grounds for federal
9  jurisdiction.  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32
10 (1983).  Here, Petitioners invoke original federal question jurisdiction under 28 U.S.C. section
11 1333.  Upon review of the underlying maritime contract, the Court agrees that federal admiralty
12 and maritime jurisdiction exists.
13       The FAA, 9 U.S.C. section 9, provides that any party to an arbitration award may apply
14 to the court for an order confirming the award if the parties have previously agreed to such
15 action.  Section 9 mandates that the court must grant the order confirming the award unless the
16 award is vacated, modified, or corrected as directed by Sections 10 or 11 of the FAA.
17       As discussed above, the June 2002 Contract between the parties provides that any
18 arbitration award may be enforced by any court, tribunal, or other forum as may properly assert
19 jurisdiction.  There is no dispute regarding this Court's jurisdiction.  Respondent has not made an
20 appearance in this matter, nor presented any argument that the Award should be vacated,
21 modified, or corrected.  Following careful review of the papers presented in support of
22 Petitioners' motion and the underlying Award issued on April 18, 2007, pursuant to the terms of
23 the parties written contract, IT IS HEREBY ORDERED that the Award attached as Exh. C to the
24 Petition for Order Confirming Award of Arbitrator is CONFIRMED.
25
26

**CONCLUSION**

For the foregoing reasons, Petitioners' Motion to Confirm Award of Arbitrator is GRANTED and the Award of $18,940 is confirmed. APL is also entitled to its $350 costs of suit herein. The Court will enter judgment in the amount of $19,290.

**IT IS SO ORDERED.**

DATED: _____, 2007

By: _____
UNITED STATES DISTRICT JUDGE