UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Arbitration Between AMERICAN PRESIDENT LINES, LTD., and APL CO. Pte., LTD.,<br><br>      Plaintiffs,<br><br>      v.<br><br>D.S.R. SHIPPING CO., INC., a corporation,<br>      Defendant. | No. C-07-3220 SC<br><br>ORDER GRANTING MOTION TO CONFIRM <u>ARBITRATION AWARD</u> |

**I.  INTRODUCTION**

This matter comes before the Court on the Motion to Confirm Arbitration Award ("Motion") filed by the plaintiffs American President Lines, Ltd., and APL Co. Pte., Ltd. ("Plaintiffs"). <u>See</u> Docket No. 9.  Defendant D.S.R. Shipping Co., Inc. ("Defendant") has not made a formal appearance in this action or filed an Opposition to the pending matter.  For the following reasons, the Court GRANTS Plaintiffs' Motion.

**II.  BACKGROUND**

In 2002 Plaintiffs entered into a contract with Defendant to ship Defendant's cargo to Central America.  <u>See</u> Pet. for Order Confirming Award of Arbitrator ("Petition"), Docket No. 1, ¶ 7. Pursuant to the contract, any disputes between the parties would

be submitted to arbitration in San Francisco, California. Id. The parties agreed that any decision by an arbitrator would be final, binding, and not subject to further review. Id. In addition, the contract provided that a decision by the arbitrator may be enforced in any court, tribunal, or other forum that may properly assert jurisdiction. Id. ¶ 8. The parties agreed that the United States District Court for the Northern District of California would have personal jurisdiction over each party. Id.

A dispute between the parties arose and Plaintiffs initiated arbitration proceedings with the American Arbitration Association ("AAA") on December 26, 2006. Id. ¶ 10. Following notice to Plaintiffs and Defendant, including preliminary hearings by telephone, an arbitration was conducted in April 2007 before the AAA-appointed arbitrator, Richard Collier. Id. ¶ 11. On April 18, 2007, the arbitrator awarded Plaintiffs the principal amount of $14,700, attorneys' fees of $2,340 and costs of $1,900, for a total award of $18,940. Id. ¶ 12. Defendant has failed to satisfy this arbitration award. Plaintiffs seek a judgment on the arbitration award to that they may enforce it.

**III. DISCUSSION**

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, any party to an arbitration award may apply to the court for an order confirming the award if the parties have previously agreed to such an action. Section 9 states that "a court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

1  Neither section 10 nor 11 is relevant to the matter at hand.  As
2  noted above, the award has not been vacated, modified, or
3  corrected.  Thus, the Court GRANTS Plaintiffs' Motion.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Confirm Arbitration Award.

IT IS SO ORDERED.

Dated: December 14, 2007



UNITED STATES DISTRICT JUDGE

-3-